NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 4 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: HERBERT M. ZUKERKORN and JENNIFER K. ZUKERKORN, <br><br> Debtors, <br><br> _____ <br><br> LINDA S. GREEN, <br><br> Appellant, <br><br> v. <br><br> HERBERT M. ZUKERKORN and JENNIFER K. ZUKERKORN, <br><br> Appellees. | No. 13-60003 <br><br> BAP No. 11-1506 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Jury, and Johnson, Bankruptcy Judges, Presiding

Argued and Submitted January 16, 2015
San Francisco California

Before: WALLACE, M. SMITH, and FRIEDLAND, Circuit Judges.

Linda S. Green, the trustee of Herbert M. Zukerkorn and Jennifer K.

Zukerkorn's Chapter 7 bankruptcy estate, appeals from the decision of the

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

bankruptcy court, which was affirmed by the Bankruptcy Appellate Panel, denying Green's motions for turnover of income distributed to the Zukerkorns from the Herbert Zukerkorn Trust after the Zukerkorns filed for bankruptcy. The Trust is an *inter vivos* trust with a spendthrift provision and a choice-of-law clause stating that the Trust is governed by Hawaii law. On appeal, Green argues that the Trust should be governed by California law, that California law entitled the bankruptcy trustee to 25% of post-petition distributions from the Trust, and that—under either Hawaii or California law—11 U.S.C. § 541(a)(6) and § 541(a)(7) permit the bankruptcy trustee to compel turnover of all post-petition income distributions from the Trust. We review the bankruptcy court's conclusions of law *de novo* and findings of fact for clear error. *In re Hoopai*, 581 F.3d 1090, 1095 (9th Cir. 2009).

We apply federal choice-of-law rules in bankruptcy cases. *In re Lindsay*, 59 F.3d 942, 948 (9th Cir. 1995). Under the considerations from the Restatement (Second) of Conflict of Laws § 187(2) and § 270(a), the bankruptcy court was correct that Hawaiian law applies in light of the Trust's explicit choice-of-law provision. We give effect to the Trust's choice-of-law provision because Hawaii has a sufficiently significant relationship to and interest in the Trust. Moreover, even assuming (without deciding) that California has the most significant

2

relationship to the Trust, California's interest in the Trust does not implicate any fundamental public policy.

Because the Trust is governed by Hawaii law, the bankruptcy court correctly denied Green's motion to compel turnover of 25% of post-petition distributions under Cal. Probate Code § 15306.5.

Green did not raise an argument based on 11 U.S.C. § 541(a)(6) or § 541(a)(7) in the bankruptcy court. Arguments not raised in the bankruptcy court are waived, and we decline to consider these arguments for the first time on appeal. *See In re The Mortg. Store, Inc.*, 773 F.3d 990, 998 (9th Cir. 2014) (issues not raised in bankruptcy court are waived).

**AFFIRMED.**